Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

October 4, 2017

WILLIAM M. McCOOL, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GREGORY NORMAND,

Defendant.

NO. CR17-247 RSL

INDICTMENT

The Grand Jury charges that:

## I.  INTRODUCTION

At all times relevant to this Indictment:

1. The International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local 324 (SMART LU 324), is a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j). SMART LU 324 was formerly known as United Transportation Union Local Union (LU) 324. For purposes of this Indictment, SMART LU 324 refers to itself and its predecessor, UTU LU 324.

2. SMART LU 324 has jurisdiction over Burlington Northern Santa Fe Railroad (BNSF) engineers, conductors, and brakemen in the approximate geographical area of Auburn to Sumas, Washington. SMART LU 324 has approximately 170 members, most of whom are employed in the Everett, Washington, area.

INDICTMENT/NORMAND - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. SMART LU 324's current business address is 5213 63rd Drive NE, Marysville, Washington, 98270.

4. SMART LU 324 does not employ any full or part-time employees. Monthly stipends were paid to the LU 324 officers in the following amounts: President $250; Secretary-Treasurer $675; and Local Chairmen $350.

5. SMART LU 324 is governed by the bylaws of the United Transportation Union, originally adopted November 1, 2008. Pursuant to Article 5 of the bylaws, "[a]ll disbursements from the Local Fund shall be made by check. Disbursements, except as provided in these by-laws, shall be approved by the Local before disbursement is made." The bylaws provided one exception to this preapproval requirement: the purchase of flowers or a charitable donation up to $200 in honor of any deceased SMART LU 324 member or a deceased family member of a SMART LU 324 member.

6. SMART LU 324 is required to annually file a Labor Organization Annual Report (Form LM-3) with the United States Department of Labor pursuant to Title 29, United States Code, Section 431. Form LM-3 includes information related to all of SMART LU 324's monetary disbursements for each calendar year. SMART LU 324 is required to maintain records providing sufficient detail on the matters required to be reported on Form LM-3 so that the Form LM-3 filing can be verified, explained, clarified, and checked for accuracy and completeness pursuant to Title 29, United States Code, Section 436.

7. During the time period relevant to this Indictment, SMART LU 324 used Cascade Federal Credit Union, Account Number xx527, for all financial transactions. Funds in this account were to be used solely for the benefit of SMART LU 324.

8. Defendant GREGORY NORMAND is a resident of Marysville, Washington. NORMAND was the Secretary-Treasurer SMART LU 324 from 2010 through January 2016, when he resigned his position. NORMAND's responsibilities as the Secretary-Treasurer of SMART LU 324 included managing SMART LU 324's bank

credit union account. NORMAND was also responsible for reviewing and attesting to the accuracy of SMART LU 324's annual Form LM-3.

9. During the time period relevant to this Indictment, NORMAND used Cascade Federal Credit Union, Account Number xx030, for all personal financial transactions.

## II. DEFENDANT'S EMBEZZLEMENT SCHEME

10. It was part of his embezzlement scheme that NORMAND wrote checks to himself from SMART LU 324's Cascade Federal Credit Union account to his personal Cascade Federal Credit Union account. SMART LU 324 did not authorize these checks and NORMAND was not otherwise entitled to these funds. NORMAND used the funds for his personal benefit.

11. It was further part of his embezzlement scheme that NORMAND improperly exercised his authority as an authorized officer of SMART LU 324 to initiate requests to wire funds directly from SMART LU 324's Cascade Federal Credit Union account to his personal Cascade Federal Credit Union account. SMART LU 324 did not authorize these wire transfers and NORMAND was not otherwise entitled to these funds. NORMAND used the funds for his personal benefit.

12. It was further part of his embezzlement scheme that NORMAND did not include the unauthorized withdrawals and transfers on the annual Form LM-3 Reports as required, and such omission was to conceal his scheme.

## III. COUNTS

### COUNT 1

### Embezzlement of Labor Organization Assets

13. The allegations contained in paragraphs 1 through 12 of this Indictment are realleged and incorporated herein by this reference.

14. Beginning in or about January 2010 and ending in or about January 2016, in the Western District of Washington and elsewhere, Defendant GREGORY NORMAND, while an officer and employee of SMART LU 324, a labor organization

engaged in an industry affecting commerce, and while serving as an officer and employed directly and indirectly by said labor organization, did embezzle, steal, and unlawfully and willfully convert to his own use and the use of another, the moneys, funds, property, and other assets of SMART LU 324 in the approximate amount of $443,080.00.

All in violation of Title 29, United States Code, Section 501(c).

## COUNT 2

### False Statements to Government Agency

15. The allegations contained in paragraphs 1 through 14 of this Indictment are realleged and incorporated herein by this reference.

16. On or about September 20, 2014, in the Western District of Washington and elsewhere, defendant GREGORY NORMAND, in a matter within the jurisdiction of the United States Department of Labor, did knowingly and willfully make material false statements on the Form LM-3 Labor Organization Annual Report by falsely indicating the following:

   a. That SMART LU 324 only disbursed $36,511 to NORMAND in 2013, when in fact he knew that more than $36,511 in SMART LU 324 funds were disbursed to him in 2013; and

   b. That SMART LU 324 only disbursed $159,107 in "total disbursements" in 2013, when in fact NORMAND knew SMART LU 324 disbursed more than $159,107 in total disbursements in 2013, including unauthorized disbursements that were for his own personal benefit in 2013.

All in violation of Title 18, United States Code, Section 1001.

//
//
//
//
//
//
//
//

## COUNT 3

### False Statements to Government Agency

17. The allegations contained in paragraphs 1 through 14 of this Indictment are realleged and incorporated herein by this reference.

18. On or about June 9, 2015, in the Western District of Washington and elsewhere, defendant GREGORY NORMAND, in a matter within the jurisdiction of the United States Department of Labor, did knowingly and willfully make material false statements on the Form LM-3 Labor Organization Annual Report by falsely indicating the following:

   a. That NORMAND did not discover any loss or shortage of funds or other assets for SMART LU 324 for 2014, when in fact he knew SMART LU 324 had experienced a loss of funds by virtue of his embezzlement of funds from SMART LU 324 in 2014;

   b. That SMART LU 324 only disbursed $15,988 to NORMAND in 2014, when in fact he knew that more than $15,988 in SMART LU 324 funds were disbursed to him in 2014; and

   c. That SMART LU 324 only disbursed $172,620 in "total disbursements" in 2014, when in fact NORMAND knew SMART LU 324 disbursed more than $172,620 in total disbursements in 2014, including unauthorized disbursements that were for his own personal benefit in 2014.

All in violation of Title 18, United States Code, Section 1001.

### ASSET FORFEITURE ALLEGATION

### (Labor Union Embezzlement)

The allegations contained in Paragraphs 1 through 18 of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

Upon conviction of the offense charged in Count One of this Indictment, the Defendant, GREGORY NORMAND, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s) of 29 U.S.C. § 501(c), including but not limited to:

a. A sum of money of at least $443,080.00, representing any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s) of 29 U.S.C. § 501(c) as charged in Count One.

**(Substitute Assets)**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred or sold to, or deposited with, a third party;
- c. has been placed beyond the jurisdiction of the Court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of the defendant up to the value of the above described forfeitable property.

A TRUE BILL:

DATED: 10·4·17

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States*
FOREPERSON

ANNETTE L. HAYES
United States Attorney

KATHERYN FRIERSON
Assistant United States Attorney

STEPHEN HOBBS
Assistant United States Attorney